# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CORNELL EUGENE McGINNIS,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN CLARK, AL HUFF, DR. SYAM KILGRAD, DR. O'BRIEN, UNKNOWN MEDICAL STAFF,<br><br>        Defendants. | No. C10-2054-LRR<br><br>INITIAL REVIEW ORDER |

      This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 1) and application for appointment of counsel (docket no. 2). The plaintiff filed the former application on September 2, 2010 and the latter application on September 20, 2010. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983.

## I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

      Based on the plaintiff's application and certificate of inmate account, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be

granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on an approximate average account balance of $40.00, the court finds that the initial partial filing fee is $8.00. *Id*. The plaintiff shall submit $8.00 by no later than April 22, 2011. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. APPLICATION FOR APPOINTMENT OF COUNSEL

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 42 U.S.C. § 1983, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444,

447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record in this action, the court does not believe that the assistance of counsel is warranted. None of the plaintiff's claims are complex, and the complaint against John Clark and Al Huff either fails to state a claim upon which relief can be granted or is frivolous. Accordingly, the plaintiff's application for appointment of counsel shall be denied.

### III. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490

U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## IV. CLAIMS ASSERTED

Currently confined at the Mount Pleasant Correctional Facility in Mount Pleasant, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress the alleged deprivation of his constitutional rights. The plaintiff predicates jurisdiction on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears proper as some of the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff contends that John Clark, who is a probation officer from the Waterloo Halfway House, and Al Huff, who is John Clark's boss, improperly revoked his probation. Specifically, the plaintiff claims that: (1) he was sent to a halfway house on November 17, 2009; (2) he was there for about a month and was working when he first arrived at the halfway house; (3) a doctor told him that he should not work until he went to Iowa City for his knee problem; (4) the halfway house knew that he had to go to Iowa City before he arrived; (5) he told his counselor that a doctor told him not to work; he had advanced to level two and was in classes; (6) he came back from furlough, was arrested and sent to prison because he could not work anymore; (7) he did not receive any reports and he had a medical release for work that was okay with staff; and (8) his counselor and Al Huff went behind his back and had him arrested and sent to prison. As relief, the plaintiff asks the court to get him back into court and to address his claim that John Clark and Al Huff wrongfully sent him to prison because of his health issues.

With respect to Dr. Syam Kilgrad, Dr. O'Brien and unknown medical staff, the plaintiff generally complains about being given medication that he should not have taken. Specifically, the plaintiff alleges that: (1) after he arrived at the Mount Pleasant Correctional Facility, he found out that he had heart problems; (2) he could not work; (3)

he went to the hospital in Iowa City about his heart problems; (4) he doesn't have any money to take care of himself so he had to tell those individuals who treated him that he was alright to work; (5) the doctor knew he was not alright and kept him on medication that he should not have been taking; and (6) the doctor should have put him on a different medication because of his heart problems. As relief, the plaintiff asks the court to allow him to pursue a lawsuit against the defendants who gave him the wrong medication.

## V. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*,

490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### B. Plaintiff's Claims

#### 1. Claim against John Clark and Al Huff

Based on the facts alleged against John Clark and Al Huff, it is clear that the plaintiff does not state a viable claim under 42 U.S.C. § 1983. In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 U.S. at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger,* 77 F.3d at 1073.

In this action, the plain language of the complaint demonstrates that the plaintiff is challenging the validity of his confinement or the validity of the criminal proceedings that were commenced against him. The plaintiff, among other things, complains about events that are related to his conviction for operating a vehicle while intoxicated (third offense) in *State v. McGinnis*, Case No. OWCR072555 (Linn County Dist. Ct. 2009).[1]

---

[1] Iowa state court criminal and civil records may be accessed at the following
(continued…)

Specifically, the plaintiff complains about being placed in prison for 5 years after his probation was revoked on September 9, 2009 and after he was committed to custody of the Iowa Department of Corrections on November 17, 2009.[2] The plaintiff's tentative discharge date from prison is December 23, 2011.

To the extent that he is seeking compensation in his action against John Clark and Al Huff, a 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). The record reflects that the plaintiff did not pursue a direct appeal, and it does not appear that he has successfully challenged his probation revocation through habeas or some other proceeding. Thus, the plaintiff's claims under 42 U.S.C. § 1983 fail as a matter of law. *See, e.g., Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (applying "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. at 477); *Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002) (same); *Williams v. Nelson*, 1998 U.S. App. LEXIS 2712 (8th Cir. 1998) (same); *Ladd v. Mitchell*, 1996 U.S. App. LEXIS 18771 (8th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (same).[3]

---

[1](…continued)
address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[2] The Iowa Department of Corrections provides access to information pertaining to offenders at the following address: http://www.doc.state.ia.us/.

[3] Even if the plaintiff ultimately succeeds in challenging the legality of his continued confinement through appropriate state or federal remedies, the court notes that the plaintiff does not assert any physical injury as a result of the actions of John Clark and Al Huff. Under the Prison Litigation Reform Act,
> [n]o Federal civil action may be brought by a prisoner

(continued…)

7

Construing the action as an application for habeas corpus relief under 28 U.S.C. § 2254, the claim against John Clark and Al Huff shall be dismissed because it is clear that the plaintiff did not file a direct appeal and it does not appear that the plaintiff ever sought post-conviction relief pursuant to Chapter 822 of the Iowa Code. *See generally* Iowa Code § 822.1, *et al.* (providing for post-conviction relief); *see also* Iowa Code § 822.2(1)(e) (permitting a person to challenge the revocation of his probation or parole). Stated differently, dismissal is appropriate because the plaintiff failed to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1).

In light of the foregoing, the plaintiff's action against John Clark and Al Huff shall be dismissed for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

### 2. *Claim against Dr. Syam Kilgrad, Dr. O'Brien and Unknown Medical Staff*

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g., Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). The Federal Rules of Civil

---

[3](…continued)
       confined in a jail, prison or other correctional facility, for
       mental or emotional injury suffered while in custody without
       prior showing of physical injury.

42 U.S.C. § 1997e(e); *see also Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (concluding that 42 U.S.C. § 1997e(e) applies to all prisoner federal civil actions). Because he does not have the requisite physical injury to support a claim for mental or emotional suffering, compensatory damages are barred under 42 U.S.C. § 1997e(e). *See Smith v. Moody*, 175 F.3d 1025 (table) (8th Cir. 1999) (affirming dismissal of inmate's complaint, when inmate failed to allege any physical injury); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of inmate's claims pursuant to 42 U.S.C. § 1997e(e), where alleged physical injury was merely de minimis).

Procedure require parties to formulate their pleadings in an organized and comprehensible manner. Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction" a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Federal Rule of Civil Procedure 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count where doing so would promote clarity. The Federal Rules of Civil Procedure also address the joinder of claims and parties. Specifically, Federal Rule of Civil Procedure 18(a) permits a party to assert multiple claims against a single party, and Federal Rule of Civil Procedure 20(a)(2) permits a party to join several persons as defendants in a single complaint if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

With respect to the plaintiff's allegations against Dr. Syam Kilgrad, Dr. O'Brien and Unknown Medical Staff, the complaint fails to meet the requirements of the Federal Rules of Civil Procedure. The plaintiff's claim against Dr. Syam Kilgrad, Dr. O'Brien and Unknown Medical Staff is not simple, concise and direct. The plaintiff did not include in his complaint a specific demand for the relief that he seeks from Dr. Syam Kilgrad, Dr. O'Brien and Unknown Medical Staff. The claims that are founded on separate transactions or occurrences are not stated in separate counts. And, the plaintiff impermissibly joined Dr. Syam Kilgrad, Dr. O'Brien and Unknown Medical Staff as defendants in this action because any right to relief against the defendants is not asserted against them jointly,

9

severally or with respect to or arising out of the same event and because John Clark and Al Huff are unconnected to any question of law or fact that is common to Dr. Syam Kilgrad, Dr. O'Brien and Unknown Medical Staff.

Given the record, the court is of the opinion that the matter is best addressed by requiring the plaintiff to file an amended and substituted complaint. The plaintiff shall file by no later than April 22, 2011 an amended and substituted complaint specifically setting forth pertinent facts, if they exist, which state a constitutional violation, and naming those specific persons who, acting under color of law, allegedly violated his rights. The plaintiff shall refrain from speaking on behalf of other inmates; he shall only state what each defendant personally did, or failed to do, which resulted in harm to him. And, the plaintiff shall state the date and place of all events that provide the basis for any claim that arises under 42 U.S.C. § 1983. If the plaintiff fails to file an amended and substituted complaint by April 22, 2011, the clerk's office shall dismiss without prejudice the action against Dr. Syam Kilgrad, Dr. O'Brien and Unknown Medical Staff.[4]

In the event that the plaintiff elects to file an amended and substituted complaint against Dr. Syam Kilgrad, Dr. O'Brien and Unknown Medical Staff or other defendants, the court will direct the clerk's office to open a new action, and it will order the plaintiff to pay the required $350.00 filing fee. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2005) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [multi-claim and multi-defendant suits produce] but also

---

[4] Before proceeding with any action against Dr. Syam Kilgrad, Dr. O'Brien and Unknown Medical Staff or other defendants, the plaintiff should keep in mind that he admits in his complaint that he did not fully utilize the grievance process before filing his action. And, he should keep in mind that a prisoner must exhaust administrative remedies prior to commencing an action. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) (stating exhaustion in cases covered by 42 U.S.C. § 1997e(a) is mandatory); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (concluding dismissal is required when an inmate has not administratively exhausted before filing a lawsuit in district court).

to ensure that prisoners pay the required filing fees—for the Prisoner Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). The plaintiff should file separate amended and substituted complaints if he decides to assert unrelated claims against different defendants. *Id*. Finally, the plaintiff should be aware that any claims that are not realleged in an amended complaint are deemed abandoned. *See In re Wireless Tel. Fed. Cost Recover Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).[5]

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $8.00 by no later than April 22, 2011. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to

---

[5] The court notes that the plaintiff states: "I was told by [a] judge in Des Moines to file [the action] in the Northern District Court for both parties[, that is, the] halfway house [defendants] and Mt. Pleasant [doctor defendants]." Because his claim against Dr. Syam Kilgrad, Dr. O'Brien and Unknown Medical Staff are unrelated to his claim against John Clark and Al Huff, the court will most likely transfer any subsequently filed action to the Southern District of Iowa because venue is proper in that district. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1404(a) (permitting district court to transfer an action); 28 U.S.C. § 1406(a) (same).

forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's application for appointment of counsel (docket no. 2) is denied.

(7) The plaintiff's 42 U.S.C. § 1983 action against John Clark and Al Huff is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(8) The dismissal of the action against John Clark and Al Huff counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(9) The plaintiff is directed to file by no later than April 22, 2011 an amended and substituted complaint specifically setting forth pertinent facts, if they exist, which state a constitutional violation, and naming those specific persons who, acting under color of law, allegedly violated his rights. The plaintiff is directed to refrain from speaking on behalf of other inmates; he is directed to only state what each defendant personally did, or failed to do, which resulted in harm to him. And, the plaintiff is directed to state the date and place of all events that provide the basis for any claim that arises under 42 U.S.C. § 1983. If the plaintiff fails to file an amended complaint by April 22, 2011, the clerk's office is directed to dismiss without prejudice the action against Dr. Syam Kilgrad, Dr. O'Brien and Unknown Medical Staff.

**DATED** this 23rd day of March, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
**Mount Pleasant Correctional Facility, Mount Pleasant, Iowa**

**NOTICE OF COLLECTION OF FILING FEE**

You are hereby given notice that Cornell Eugene McGinnis, #0803965, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Cornell Eugene McGinnis v. John Clark, et al.*, Case No. C10-2054-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $8.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa